IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HJALMAR RODRIGUEZ,        :
                                   :
           **Plaintiff,**        :
**VS.**                       :
                                   :     **NO. 5:15-CV-00290-MTT-CHW**
**Commander WHITE,** *et al.*,    :
                                   :
          **Defendants.**     :
_____  :

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Hjalmar Rodriguez, who is currently incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff also seeks to proceed without prepayment of the full filing fee (ECF No. 2), *see* 28 U.S.C. § 1915, and has moved for judgment on the pleadings (ECF No. 5). The undersigned has reviewed Plaintiff's submissions and finds the following:

**I.**       **Motion to Proceed** *in forma pauperis*

The Court has reviewed Plaintiff's motion to proceed *in forma pauperis*, and based on his submissions finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. The Court thus **GRANTS** Plaintiff's motion and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding

month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350.00 filing fee has been paid in full.  The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## II.    Preliminary Screening

### A. Standard of Review

Because Plaintiff is a prisoner "seek[ing] redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint.  *See* 28 U.S.C. § 1915A(a).  When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

3529db21cace9def

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555 (first alteration in original).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Plaintiff's Claims

According to Plaintiff's Complaint, in the early morning hours of January 23, 2015, Defendants Mando, White, and six "Doe" Defendants approached Plaintiff in his cell and told him he was being taken to Chattooga County Superior Court.  Plaintiff was permitted to collect various legal documents and was taken to intake and strip searched by Defendants Mando and Doe(s) "in a humiliating manner."  (Attach. 1 to Compl. at 2, ECF No. 1-1.)  Plaintiff was then dressed, handcuffed, shackled, and placed in a

"shocking device" so he could be transported to Hays State Prison in Trion, Georgia. *Id.* Plaintiff also alleges that Defendant Mando confiscated all of Plaintiff's legal documents at this time. *Id.*

When Plaintiff arrived at Hays State Prison around 6:30 or 7:00 in the morning, he was again strip searched and was placed in a cell with no restroom facilities. Plaintiff informed Defendants Doe(s) and Mando that he was a practicing Muslim and the manner in which the strip searches were conducted violated his religious obligation to guard his modesty by remaining covered from the navel to the bottom of his knees. Plaintiff also suggested that he was made to strip in front of other individuals who may have been homosexual. *Id.* Plaintiff was handcuffed in the back and was refused a restroom break. *Id.* Around 8:00 a.m., Defendants Doe(s) and Mando returned to the cell and again strip searched Plaintiff. *Id.* at 3. Plaintiff was again refused a restroom break, and Defendant Mando also refused to provide Plaintiff with the legal documents he had taken from Plaintiff earlier that day. *Id.*

During Plaintiff's court appearance, he attempted to challenge venue and the court's jurisdiction, but alleges he was unable to properly do so without his legal documents. *Id.* Upon leaving the courthouse, Plaintiff again requested to use the restroom and was told by Defendants Doe(s) and Mando to "shut up and get in the van." *Id.* at 4. During the three-hour transfer back to GDCP, Plaintiff was forced to soil himself. *Id.* Upon his arrival at GDCP, Plaintiff was again strip searched and was "ridiculed" by Defendants Doe(s) and Mando. *Id.* Plaintiff claims Defendants' actions violated various constitutional rights, as described in more detail below, and he seeks

4

declaratory and injunctive relief and compensatory and punitive damages for these alleged violations.

### 1. Claims against Doe Defendants

Plaintiff alleges that six "Doe" Defendants violated his constitutional rights.  (*See, e.g.,* Attach. 1 to Compl. at 2.)  As a general matter, however, "fictitious party pleading is not permitted in federal court."  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).  The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown.  *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)).  Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served."  *Dean*, 951 F.2d at 1216.

Plaintiff's complaint does not contain a sufficient description of any of the Doe Defendants so that they may be identified for service.  Plaintiff merely describes them as corrections officers with the Georgia Department of Corrections' "Cobra Squad." (Attach. 1 to Compl. at 1.)  It is therefore **RECOMMENDED** that all claims against the Doe Defendants be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.  If, however, Plaintiff later learns the name of these parties during discovery, Plaintiff may move to amend and seek to add them as parties at that time.

### 2. *Confiscation of Legal Papers*

Plaintiff also alleges that Defendants Mando and White seized his legal papers, thereby "injuring Plaintiff's litigation." (Attach. 1 to Compl. at 3.)  These allegations can be construed as stating a First Amendment claim for denial of access to the courts. Prisoners have a constitutional right to access the courts, although a prisoner cannot prevail on a First Amendment claim in the absence of an "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996).   This requires a prisoner to show that the defendant hindered his efforts to pursue a non-frivolous legal claim.  *Id.*

Taking Plaintiff's allegations in this case as true, Plaintiff has alleged that he required the legal documents seized by Defendant Mando to challenge venue and "personal and subject matter jurisdiction" in his superior court hearing, and he was injured when those challenges were denied by the superior court judge.  (Attach. 1 to Compl. at 3.)  Plaintiff's access-to-courts claims based on the confiscation of his legal papers shall therefore proceed against Defendant Mando for further factual development.

In contrast, Plaintiff has failed to allege sufficient facts to show that Defendant White may have violated his right of access to the courts.  Plaintiff does not allege that Defendant White actually confiscated his legal papers or in any way interfered with Plaintiff's ability to challenge the charges against him.  Plaintiff merely states that after his superior court hearing, he asked Defendant White where his legal papers were and Defendant White "acted as if [he] had no idea of what documents Plaintiff was talking about." (Attach. 1 to Compl. at 4.)  Accordingly, it is **RECOMMENDED** that Plaintiff's access-to-courts claims against Defendant White be **DISMISSED without prejudice.**

6

Likewise, to the extent Plaintiff alleges Defendants' seizure of his personal property violated his due process rights, such claims would fail. Under the Due Process Clause of the Fourteenth Amendment, "[n]o State . . . shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "[T]he state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Id.* "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1). The Eleventh Circuit has "held that this cause of action constitutes a suitable post-deprivation remedy for procedural due process violations." *Id.* Plaintiff has not alleged that he has attempted to pursue a civil action based on Defendants' actions or that such a remedy is not available to him. The state's action cannot be considered to be complete; thus, to the extent Plaintiff is attempting to assert a procedural due process claim based on the deprivation of his legal documents, the undersigned **RECOMMENDS** that such claims be **DISMISSED without prejudice.**

### 3. Claims Regarding Excessive Strip Searches

Plaintiff alleges that the strip searches conducted by Defendant Mando were excessive, "totally devoid of penological merit," imposed solely to inflict pain and to humiliate Plaintiff, and violated his right to equal protection under the law. (Attach. 1 to

Compl. at 4.)  Plaintiff thus contends that the strip searches violated his First, Eighth, and Fourteenth Amendment rights.

Prisoners retain a constitutional right to bodily privacy.  *See, e.g., Fortner v. Thomas*, 983 F.2d 1024, 1029-30 (11th Cir. 1993).  Even so, strip searches and body cavity inspections are not necessarily a violation of an inmate's constitutional rights "as long as the searches are conducted in a reasonable and non-abusive manner." *Moton v. Walker*, 545 F. App'x 856, 858-59 (11th Cir. 2013) (per curiam).  Searches do not have to "be delicately conducted in the least intrusive manner," but "they must be conducted in a reasonable manner." *Evans v. Stephens*, 407 F.3d 1272, 1281 (11th Cir. 2005) (en banc).

Plaintiff in this case has alleged that he was strip-searched four times in a relatively short period of time, for no legitimate purpose, to "inflict pain [and] humiliation," and after he had been in restraints and would not have had an opportunity to conceal any contraband on his person.  (*See* Attach. 1 to Compl. at 3-4.)  As the Court must accept Plaintiff's allegations as true at this early stage of the litigation, Plaintiff's claims against Defendant Mando regarding the strip searches should proceed for further factual development.  *See Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (per curiam) (holding that "the federal courts should intervene" if strip searches "are devoid of penological merit and imposed simply to inflict pain").

To the extent Plaintiff contends Defendant Mando violated Plaintiff's right to equal protection under the laws by conducting these strip searches, however, such claim must fail. The Equal Protection Clause of the Fourteenth Amendment provides: "No State

shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. "In order to properly plead an equal protection claim, a plaintiff need only allege that similarly situated persons have been treated disparately through state action." *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 685-86 (11th Cir. 2005) (per curiam). Plaintiff does not specifically allege that Defendant Mando treated him differently than other similarly situated inmates. Accordingly, it is **RECOMMENDED** that any equal protection claims against Defendant Mando be **DISMISSED without prejudice.**

### 4. Religious Freedom Claims

Plaintiff alleges that the strip searches conducted by Defendant Mando interfered with the exercise of his Muslim beliefs. The undersigned construes these allegations as claims for violations of Plaintiff's First Amendment right to religious freedom and Section 3 of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The First Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. Prison officials may limit a prisoner's free exercise of sincerely held religious beliefs if such "limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

RLUIPA requires the government to justify any substantial burden on a prisoner's religious exercise by demonstrating a compelling governmental interest. *See Smith v.*

*Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1659 (2011).  "To establish a *prima facie* case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened."  *Smith v. Governor for Alabama*, 562 F. App'x 806, 813 (11th Cir. 2014) (per curiam) (internal quotation marks omitted). A "religious exercise" is broadly defined as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  42 U.S.C. § 2000cc-5(7)(A). In the Eleventh Circuit, "a 'substantial burden' is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004).  While the Court should not examine the "centrality of a particular religious tenet in undertaking the substantial burden analysis," the plaintiff must "demonstrate that the government's denial of a particular religious item or observance was more than an inconvenience to one's religious practice."  *Allen*, 502 F.3d at 1278.

Plaintiff states that the way Defendant Mando conducted the strip searches "violat[ed] his religious obligation to g[ua]rd his mod[e]sty" and was akin to requiring Plaintiff to "strip naked in front of the opposite sex."  (Attach. 1 to Compl. at 2.)  In addition, Plaintiff has alleged that the prison had access to a "body scanning machine" that would have revealed whether Plaintiff possessed any contraband without having to resort to a strip search.  *Id.* at 4.  For purposes of the Section 1915A screening—and construed very liberally—these allegations are sufficient to warrant further factual development and Plaintiff's religious freedom claims shall proceed against Defendant

Mando.  *See, e.g., Ramon v. Daniel*, 533 F. App'x 433, 435 (5th Cir. 2013) (per curiam) (reversing § 1915 dismissal of prisoner's RLUIPA claims where prisoner alleged that strip searches were conducted in front of females, modesty was a tenet of his religious faith, and alternative means for conducting searches existed).

### 5. Eighth Amendment Claims

Plaintiff finally alleges that Defendants White and Mando deprived him of the use of restroom facilities for most of a day, to the point where Plaintiff was forced to soil himself.  (Attach. 1 to Compl. at 5.)  Failing to permit a prisoner an adequate opportunity to use the restroom "creat[es] a risk of particular discomfort and humiliation" that can violate the Eighth Amendment.  *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (finding an "obvious" Eighth Amendment violation where prisoner was handcuffed to hitching post for seven hours, in part because prisoner was deprived of bathroom breaks during that time).  After construing Plaintiff's allegations liberally and taking each of them as true, the undersigned will permit Plaintiff's Eighth Amendment claims against Defendant Mando to proceed for further factual development.  Plaintiff has specifically alleged that Defendant Mando repeatedly denied his requests for access to restroom facilities.

The basis for the Eighth Amendment claim against Defendant White is not clear. To the extent Plaintiff is attempting to hold Defendant White liable as the other Defendants' supervisor, however, Plaintiff's claims fail.  Supervisors can only be held liable under Section 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged

11

constitutional violation.  *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir.

2013) (per curiam).  A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice
> of the need to correct the alleged deprivation and he fail[ed] to do so; (2)
> the supervisor's improper custom or policy le[d] to deliberate indifference
> to constitutional rights; or (3) facts support an inference that the supervisor
> directed the subordinates to act unlawfully or knew that the subordinates
> would act unlawfully and failed to stop them from doing so.

*Id.*  "The standard by which a supervisor is held liable in her individual capacity for the

actions of a subordinate is extremely rigorous."  *Id.* (internal quotation marks omitted).

Plaintiff's Complaint does not allege Defendant White personally participated in

violation of Plaintiff's constitutional rights, had any customs or policies that led to

deliberate indifference to his constitutional rights, directed any of his subordinates to act

unlawfully, or knew they were doing so and failed to stop them.  As such, Plaintiff has

failed to state a constitutional claim against him.  *See Hendrix*, 535 F. App'x at 805.  It is

therefore **RECOMMENDED** that Plaintiff's Eighth Amendment claims against

Defendant White be **DISMISSED without prejudice.**

### III.    Motion for Judgment on the Pleadings

Plaintiff has also filed a document entitled "Motion Judgment on the Pleadings" in

which he informs the Court that he has been unable to determine the identity of the Doe

Defendants and "will need to take discovery for such purpose."  (Mot. J. on the Pleadings

1, ECF No. 5.)  Plaintiff also notes that he has filed the motion while he waits for the

Court's preliminary screening to be completed because he "does not want to be in any

error for failure to litigate his case[.]"  *Id.*  **This** Order and Recommendation comprises

the preliminary screening Plaintiff mentions, and as noted in this document, Plaintiff will be permitted to engage in discovery and may move to amend his Complaint if he is able to ascertain the identity of the Doe Defendants.  In light of this, it is **RECOMMENDED** that Plaintiff's motion (ECF No. 5) be **DENIED as moot.**

### IV.   Conclusion

Based on the foregoing, the undersigned **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and shall permit the following claims against Defendant Mando to proceed for further factual development: (1) access-to-courts claims based on the confiscation of Plaintiff's legal documents; (2) claims based on repeated strip searches (except for any equal protection claims related to the strip searches); (3) religious freedom claims; and (4) Eighth Amendment claims based on denial of restroom breaks.  The undersigned **RECOMMENDS** that the following claims be **DISMISSED without prejudice**: (1) claims against the Doe Defendants; (2) access-to-courts claims against Defendant White; (3) equal protection claims; (4) all due process claims based on the confiscation of Plaintiff's legal documents; and (5) Eighth Amendment claims against Defendant White.  The undersigned also **RECOMMENDS** that Plaintiff's motion for judgment on the pleadings (ECF No. 5) be **DENIED as moot.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file

written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Mando it is accordingly **ORDERED** that service be made on this Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions

as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at

15

any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such

16

requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously noted, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is

17

hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 10th day of February, 2016.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge