# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| HJALMAR RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:15-CV-290 (MTT) |
| | ) | |
| Commander WHITE, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

After Magistrate Judge Charles H. Weigle conducted the preliminary screening of

Plaintiff Hjalmar Rodriguez's complaint required by 28 U.S.C. § 1915A, he permitted

these claims against Defendant Lando[1] to proceed: (1) access-to-courts claims based

on the confiscation of the Plaintiff's legal documents; (2) claims based on repeated strip

searches, except for any equal protection claims related to the strip searches;

(3) religious freedom claims; and (4) Eighth Amendment claims based on denial of

restroom breaks.  (Doc. 6).  He recommends dismissing: (1) claims against the Doe

defendants; (2) access-to-courts claims against Defendant White; (3) equal protection

claims; (4) all due process claims based on the confiscation of the Plaintiff's legal

documents; and (5) Eighth Amendment claims against Defendant White.  (Doc. 6).  He

also recommends denying as moot the Plaintiff's Motion for Judgment on the Pleadings.

(Docs. 5; 6 at 13).

The Plaintiff moved for reconsideration of the Recommendation.  (Doc. 9)  The

Court construes this motion as an objection.  The Plaintiff attached an amended

---

[1] The original complaint and Recommendation refer to this defendant as Defendant Mando.  (Docs. 1, 6).
In his objection, the Plaintiff states that he misspelled Defendant Lando's name as "Mando."  (Doc. 9 at
2).  The Court will refer to him as "Lando" with the understanding that references in the Recommendation
to "Mando" refer to the same defendant.

complaint to his objection, which contains additional factual allegations.  (Doc. 9-1).  He also moved to amend his complaint pursuant to Fed. R. Civ. P. 15(a).  (Doc. 10).  This motion is **GRANTED**.  The Court has reviewed the objection and amended complaint and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

## I.   DISCUSSION

### A.  Claims Against Doe Defendants

The Magistrate Judge recommends dismissing the Doe defendants because the Plaintiff has not sufficiently described the defendants to identify them for service.  (Doc. 6 at 5).  The Plaintiff explains in his amended complaint that he wants to sue six John Does who are members of the Cobra Squad Tactical Unit who accompanied him to Chattooga County Superior Court on January 23, 2015.  (Doc. 9-1, ¶¶ 7, 9-10).  He says they are employed by the Georgia Department of Corrections and can be located by Linda Phillip at Georgia Diagnostic and Classification Prison in Jackson, Georgia.  (Doc. 9-1 at 5).  With this information, the State can likely identify these defendants for service.  Therefore, the Court **REJECTS** this section of the Recommendation and **REFERS** this matter back to the Magistrate Judge.

### B.  Confiscation of Legal Papers

The Magistrate Judge recommends dismissing the access-to-courts claim against White because the Plaintiff did not allege that White actually took the legal papers or interfered with the Plaintiff's ability to challenge the charges against him.  (Doc. 6 at 6).  In the amended complaint, the Plaintiff alleges that he asked Lando for the documents that had been taken from him, and Lando told him White had the documents.  (Doc. 9-1, ¶ 24).  He also alleges that Lando, White, and the Doe defendants conspired together to keep the documents from him during the legal

proceedings "with the intent o[f] injuring Plaintiff in his litigation." (Doc. 9-1, ¶ 26). Very liberally construed, these allegations are sufficient to state a claim against White and the Doe defendants, as well. The Plaintiff's access-to-courts claims against White and the Doe defendants may proceed along with the claim against Lando.

## C. Claims Regarding Excessive Strip Searches

The Magistrate Judge allowed the Plaintiff's claim against Lando for excessive strip searches to proceed. (Doc. 6 at 6). In his amended complaint, the Plaintiff also made claims against White and the Doe defendants regarding the excessive strip searches. The Plaintiff was strip searched before leaving for Chattooga Count Superior Court. (Doc. 9-1, ¶ 12). He alleges that when he was told to strip again upon arrival at Hays State Prison, he told Lando, White, and the Doe defendants that he had not had the opportunity to touch anything since his last strip search because his hands had been shackled inside of bags and chained to his chest, but he was strip searched two more times by Lando and the Doe defendants because it was the "custom and command" of White. (Doc. 9-1, ¶¶ 15-16, 18, 20, 32). Liberally construed, these allegations are sufficient to state claims against White and the Doe defendants for excessive strip searches.

The Magistrate Judge recommends dismissing the Plaintiff's equal protection claim against Lando because the Plaintiff did not allege that Lando treated him differently than any other similarly situated inmates. (Doc. 6 at 9). In his amended complaint, the Plaintiff specifically alleges that Lando, White, and the Doe defendants treated him differently than similarly situated inmates because he is Muslim when they conducted excessive strip searches. (Doc. 9-1, ¶ 20). This is sufficient to state an equal protection claim against them for purposes of Section 1915A screening.

## D.  Religious Freedom Claims

The Magistrate Judge allowed the Plaintiff's religious freedom claim against Lando to proceed because the Plaintiff alleged that Lando conducted strip searches in violation of the Plaintiff's religious beliefs and even though there was a "body scanning machine" in the next room that would have revealed any contraband he possessed. (Doc. 6 at 10).  In his amended complaint, the Plaintiff alleges that White and the Doe defendants also participated in this violation of his religious beliefs.  (Doc. 9-1, ¶¶ 16-17, 20, 35).  Thus, the Plaintiff's religious freedom claims may proceed against White and the Doe defendants, as well.

## E.  Eighth Amendment Claims

The Magistrate Judge allowed the Plaintiff's Eighth Amendment claim for the denial of restroom breaks to proceed against Lando.  (Doc. 6 at 11). In his amended complaint, the Plaintiff alleges that White and the Doe defendants also refused him restroom breaks when he requested them.  (Doc. 9-1, ¶¶ 19, 30).  Thus, the Plaintiff has stated Eighth Amendment claims against White and the Doe defendants, as well.

## F.  Retaliation

The Plaintiff has added a retaliation claim in his amended complaint.  "For a prisoner to state a First Amendment retaliation claim under § 1983, the prisoner must establish: (1) that his speech or act was constitutionally protected; (2) that the Defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on the speech."  *Thomas v. Lawrence,* 421 F. App'x 926, 928 (11th Cir. 2011) (citing *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008)).

The Plaintiff alleges that he was excessively strip searched by Lando, White, and the Doe defendants because he spoke up against strip searches.  (Doc. 9-1, ¶¶ 20,

32).  He also alleges that Lando, White, and the Doe defendants refused to return his legal documents in retaliation for his threats to sue them for depriving him of those documents.  (Doc. 9-1, ¶ 26).

Viewing his allegations as true, (1) the Plaintiff exercised his right to protest about excessive strip searches and the refusal to return his legal documents, and (2) in response, Lando, White, and the Doe defendants continued strip searching him instead of using the scanning machine, and they interfered with his legal proceedings by refusing to return his documents.  Liberally construing his allegations, he has stated retaliation claims against them.  *Cf. Smith v. Villapando*, 286 F. App'x 682, 685-86 (11th Cir. 2008).  These claims may proceed.

### G. Motion for Judgment on the Pleadings

The Magistrate Judge recommends denying as moot the Plaintiff's Motion for Judgment on the Pleadings.  (Docs. 5; 6 at 13).  In the motion, the Plaintiff requests to conduct discovery to determine the names and addresses of the Doe defendants for service and explains that he filed the motion because he "does not want to be in any error for failure to litigate his case."  (Doc. 5).  As discussed above, the Plaintiff may now have provided sufficient information to identify these defendants for service.  If not, he may engage in discovery to identify these defendants and move to amend his complaint at that time.  This motion is **DENIED as MOOT**.  (Doc. 5).

### II.  CONCLUSION

The Motion to Amend is **GRANTED**.  (Doc. 10).  The Recommendation is **ADOPTED in part and REJECTED in part**.  The matter of identifying the Doe defendants for service is **REFERRED** back to the Magistrate Judge.  The following claims may proceed against all Defendants: (1) access-to-courts claims based on the confiscation of the Plaintiff's legal documents; (2) claims based on repeated strip

searches, including his equal protection claims; (3) religious freedom claims; (4) Eighth Amendment claims based on denial of restroom breaks, and (5) retaliation claims.  His due process claims are **DISMISSED without prejudice**.  The Plaintiff's Motion for Judgment on the Pleadings is **DENIED as MOOT**.  (Doc. 5).  It is **ORDERED** that service be made on Commander White and Correctional Officer Lando and that they file an answer or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  The Defendants are also reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service.  The Plaintiff is reminded of his duty to keep the clerk of court and all opposing attorneys advised of his current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

  **SO ORDERED**, this 14th day of July, 2016.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT