# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

HJALMAR RODRIGUEZ, Jr., )
)
        Plaintiff, )
)
    v. ) No. 5:15-cv-290 (MTT)
)
JAMES WHITE, *et al.*, )
)
        Defendants. )

## ORDER

Plaintiff has filed a Motion for Reconsideration (Doc. 73) of the Magistrate Judge's order denying his Third Motion for Default Judgment (Doc. 72). Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider any pretrial order of a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Because Plaintiff has failed to show that the order was clearly erroneous or contrary to law, the Motion is **DENIED**.

On November 7, 2016, requests for waiver of service were mailed to the Defendants. On January 6, 2017, within sixty days of the date the Court mailed the requests for waiver of service, Defendants filed a waiver of reply pursuant to 42 U.S.C. § 1997e(g) of the Prison Litigation Reform Act (PLRA) in lieu of an answer.[1] Docs. 46; 47; 57. When a waiver of reply is filed under the PLRA, "Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint[, and] [n]o relief shall be granted to the plaintiff unless a reply has been filed[, but]" . . . "the court may require any defendant to reply . . . if it finds that the plaintiff has a reasonable opportunity to prevail on the merits. . . ." 42 U.S.C. § 1007e(g). On January 13, 2017, the Magistrate Judge ordered the Defendants to file an answer or dispositive motion within twenty-one days—February 3, 2017. Doc. 60.

---

[1] Under Federal Rule of Civil Procedure 4(d)(3), a defendant who "timely returns a waiver need not serve" a responsive pleading "until 60 days after the request was sent." *See also* Doc. 72 at 1 n.1.

Defendants filed their Motion to Dismiss eighteen days late—February 21, 2017. Doc. 64. Plaintiff filed a motion for default, which the Magistrate Judge denied. Docs. 67; 73.

The Court agrees that a default judgment is not appropriate for two reasons. First, Defendants' waiver of reply was filed within sixty days of the date the Court mailed the requests for waiver of service. Docs. 46; 47; 57. Under Federal Rule of Civil Procedure 55(a), entry of default is appropriate only where a defendant "has failed to plead or otherwise defend." By timely filing a waiver of service, the Defendants "otherwise defended" the action and are not in default. As such, Plaintiff is not entitled to a default judgment.

Second, Plaintiff is not entitled to default judgment as a matter of right. Even if the Defendants' late reply constituted a default, the Court has discretion to not enter a default judgment. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Defaults are disfavored, and there is a "strong preference for deciding cases on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). Counsel for Defendant explained he missed the Court's deadline because he was not added as counsel of record in the Court's electronic filing system when he filed Defendants' Waiver of Reply. Doc. 65 at 3. Counsel did not receive notice of the Magistrate Judge's order and had no knowledge of the deadline for reply until he was served with Plaintiff's motion for default judgment. Moreover, Plaintiff has shown no prejudice by the delay and may now pursue his claims against Defendants. Indeed, Plaintiff has since filed a motion to amend in which he moves to dismiss his claims against Defendants James Roe, Andrew Leyden, Michael Mahone, Michael Wilson, and Tyler Adams. Doc. 70. Accordingly, the Magistrate Judge did not err in denying Plaintiff's motion for default judgment, and Plaintiff's motion for reconsideration (Doc. 73) is **DENIED**.

**SO ORDERED,** this 22nd day of May, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT