IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HJALMAR RODRIGUEZ, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-290 (MTT) |
| | ) |
| JAMES WHITE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are two Recommendations from United States Magistrate Judge Charles H. Weigle, one on the Defendants' motion to dismiss (Docs. 64; 83) the Plaintiff's third amended complaint and the other on the Defendant's motion to dismiss (Doc. 98) the Plaintiff's fourth amended complaint. Docs. 89; 103. For the following reasons, the first Recommendation (Doc. 89) is **ADOPTED in part and REJECTED in part**. The second Recommendation (Doc. 103) is **ADOPTED**.

## I. BACKGROUND

On July 27, 2015, the Plaintiff filed his initial complaint pursuant to 42 U.S.C. § 1983 against Defendants White, Lando, and six "Doe" Defendants, alleging that his constitutional rights were violated when he was subjected to four strip searches and his legal documents were confiscated while he was being transported to and from a preliminary criminal proceeding. *See generally* Doc. 1. After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), the Magistrate Judge allowed the following claims against Defendant Lando to proceed for further factual development: (1) access-

to-courts claims based on confiscation of the Plaintiff's legal documents; (2) claims based on the strip searches, except for any equal protection claims related to strip searches; (3) religious freedom claims; and (4) Eighth Amendment claims based on denial of restroom breaks. Doc. 6 at 13. The Magistrate Judge recommended dismissing all other claims. *Id.*

The Plaintiff objected to the Recommendation and moved to amend his complaint. Docs. 9; 10. The Court granted the Plaintiff's motion to amend and adopted as modified the Recommendation. *See generally* Doc. 16. Specifically, having reviewed the Recommendation de novo and liberally construing the Plaintiff's amended complaint, the Court allowed the following claims to proceed against all Defendants: (1) access-to-courts claims based on confiscation of the Plaintiff's legal documents; (2) claims based on repeated strip searches, including his equal protection claims; (3) religious freedom claims; and (4) Eighth Amendment claims based on denial of restroom breaks. *Id.* at 5-6. In addition, the Court allowed a fifth category of claims to go forward—retaliation claims based on continued strip searching and withholding of legal documents. *Id.* at 6.

On October 17, 2016, the Plaintiff filed a second motion to amend, seeking to name the Doe Defendants and to join additional Defendants. Doc. 33 at 1. The Magistrate Judge granted the motion in part, permitting the Plaintiff to identify the Doe Defendants but denying his request to join Brian Owens as a defendant. Doc. 35 at 1. On February 21, 2017, the Defendants moved to dismiss the Plaintiff's second amended complaint, arguing that the Plaintiff has failed to state plausible claims and that the Defendants are protected under qualified immunity and Eleventh Amendment

immunity. *See generally* Doc. 64-1. Before filing a response, the Plaintiff moved for leave to file a third amended complaint and to dismiss Defendants James Roe, Andrew Leyden, Michael Mahone, Michael Wilson, and Tyler Adams and also to dismiss any Eighth Amendment claims. Doc. 70 at 1. The Magistrate Judge granted the Plaintiff's motion and noted that the following claims remain: (1) religious freedom claims; (2) access-to-courts claims; (3) retaliation claims; and (4) equal protection claims. Docs. 80; 89 at 1.

The Defendants moved to dismiss the Plaintiff's third amended complaint (Doc. 71). Doc. 83. In their motion, the Defendants have "incorporated through adoption of all applicable arguments supporting the first Motion to Dismiss." *Id.* at 1. The Magistrate Judge therefore terminated the Defendants' previous motion to dismiss (Doc. 64) as moot. Doc. 89 at 1.

In the July 27, 2017 Recommendation on the Defendants' motion to dismiss the Plaintiff's third amended complaint, the Magistrate Judge recommends that: (1) the Plaintiff be allowed to pursue prospective equitable relief for his religious freedom claims but qualified immunity bars his claims for damages; (2) the Plaintiff's access-to-courts claims be dismissed with prejudice; (3) the Plaintiff be allowed to pursue nominal damages based on the Defendants' alleged retaliatory confiscation of legal documents and retaliatory strip searches; and (4) the Plaintiff be allowed to pursue prospective equitable relief based on the Defendants' alleged retaliatory confiscation of legal documents. *Id.* at 16, 27. The Magistrate Judge also recommended dismissing without prejudice the Plaintiff's equal protection claims but granted him leave to amend "in order to cure his deficient equal protection claim." *Id.* at 18.

The Plaintiff accordingly filed a fourth amended complaint, in which he raises new factual allegations to support his equal protection claim. Doc. 95 ¶ 13. The Defendants then moved to dismiss the Plaintiff's fourth amended complaint, arguing that the Plaintiff has still failed to state a plausible equal protection claim. *See generally* Docs. 98; 98-1.

In the November 2, 2017 Recommendation on the Defendant's motion to dismiss the Plaintiff's fourth amended complaint, the Magistrate Judge recommends that the Plaintiff's equal protection claim relating to strip searches be dismissed. Doc. 103 at 2-3. However, in light of the Plaintiff's new factual allegations in his fourth amended complaint, the Magistrate Judge allowed the Plaintiff's equal protection claim regarding the confiscation of his legal documents to proceed for further factual development.[1] *Id.* at 4.

## II. DISCUSSION

Both the Plaintiff and the Defendants have objected to the July 27, 2017 Recommendation, and neither has objected to the November 2, 2017 Recommendation. Docs. 91; 93. Pursuant to 28 U.S.C. 636(b)(1), the Court has considered the objections and made a de novo determination of the portions to which the parties object.

### A.  Plaintiff's Objections

First, the Plaintiff objects to his available relief. In particular, he argues that he is entitled to punitive damages because the Defendants intentionally violated and

---

[1] The Magistrate Judge withdrew his prior recommendation to dismiss all equal protection claims. Doc. 103 at 1 n.1.

disregarded his constitutional rights and because "Congress, in [e]nacting the PLRA emphatically made no stipulation that only physical injuries could be compensated; abrogating punitive damages requirements." Doc. 93 at 3. While it is true Congress never stipulated that only physical injuries could be compensated, Eleventh Circuit precedent is clear that in order to recover punitive damages, a prisoner must meet 42 U.S.C. § 1997e(e)'s physical injury requirement.[2] *See Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011) ("In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the PLRA because the plaintiffs failed to meet § 1997e(e)'s physical injury requirement."). The Plaintiff has not alleged that he suffered any physical injury and thus the Magistrate Judge did not err in limiting the Plaintiff's recovery.

Next, the Plaintiff objects to the Recommendation that his access-to-courts claims be dismissed. Doc. 93 at 6. In order to bring an access-to-courts claim, the Plaintiff must first establish an actual injury. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a *nonfrivolous* claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." *Id.* (citations

---

[2] In his objection, the Plaintiff states that the arguments in his response (Doc. 74) to the Defendants' motion to dismiss were "basically not addressed" by the Magistrate Judge. Doc. 93 at 4. The Plaintiff seems to be referring to his argument that the Supreme Court decision in *Smith v. Wade*, 461 U.S. 30 (1983) supports his position that he is entitled to punitive damages for the alleged injury that he suffered. Docs. 74 at 14; 93 at 4. However, *Smith* predates Congress's enactment of the Prison Litigation Reform Act of 1995 ("PLRA"). This is significant because while *Smith* is still good law in that punitive damages are available upon a showing of "evil motive or intent," "callous indifference," and reckless disregard of the plaintiff's rights, when the plaintiff is a prisoner, like in this case, his claims are governed by the PLRA, which "precludes the recovery of punitive damages in the absence of physical injury." *Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011) (citation omitted). Again, because the Plaintiff has not alleged any physical injury, and certainly not "a more than de minimis" physical injury, he is not entitled to compensatory or punitive damages. *See Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (noting that a prisoner who suffers a constitutional violation without more than a de minimis physical injury may recover nominal damages but not compensatory or punitive damages).

omitted and emphasis added). The actual injury that the Plaintiff contends he suffered is twofold: that because his legal documents were confiscated, (1) he could not support his jurisdictional challenge at his arraignment hearing; and (2) the state court "abated the jurisdiction itself, by not fulfilling its Sixth and Fourteenth Amendment mandates to have jurisdiction." Doc. 93 at 8, 10. Regarding the first alleged injury, the Plaintiff seems to acknowledge that even if he had his legal documents, his jurisdictional challenge would have been based on a frivolous "sovereign citizen" theory. *See id.* at 6 ("[P]laintiff specifically does not object to the magistrate's R&R regarding the sovereign citizen matter."). The Court agrees that the Plaintiff's alleged inability to argue his frivolous challenges to the state court's jurisdiction is not an actual injury.

With regard to the Plaintiff's claim that he suffered an actual injury because the state court "abated the jurisdiction itself," it is difficult to tell from the Plaintiff's objection exactly what he means by this. *See id.* at 6-10. What is clear is that this injury, according to the Plaintiff's third amended complaint, is based upon his challenges as a sovereign citizen to the jurisdiction of the state court, again a patently frivolous contention. *See* Doc. 71 at 3. In any event, as the Magistrate Judge noted, the state court, in response to the Plaintiff's jurisdictional challenges, entered a not guilty plea on his behalf. Doc. 89 at 23. This did not injure or prejudice the Plaintiff. Accordingly, the Plaintiff's access-to-courts claims fail.

Finally, the Plaintiff objects to the Recommendation that the Defendants are entitled to qualified immunity for the Plaintiff's religious freedom claims. Doc. 93 at 10. To give context, the Plaintiff was strip searched on four different occasions: first, upon leaving the Georgia Diagnostic and Classification Prison (GDCP) to be transferred to

Hays State Prison (HSP); second, upon arriving at the HSP; third, upon leaving HSP to go to superior court; and, finally, upon his reentry to the GDCP. Doc. 71 at 3-5. The Plaintiff concedes that the first two strip searches were not unconstitutionally conducted. Doc. 93 at 12. As for the third and fourth searches, the Court has reviewed this portion of the Recommendation de novo and accepts the findings, conclusions, and recommendations of the Magistrate Judge. Accordingly, the Defendants are entitled to qualified immunity with respect to all four strip searches.

## B.     Defendants' Objection

The Defendants object in part to the Magistrate Judge's findings on the Plaintiff's retaliation claims.[3]  Doc. 91 at 2. Specifically, the Defendants argue that the Plaintiff has failed to state a plausible claim for retaliation regarding the strip searches and that, even if he has stated a plausible claim, they are entitled to qualified immunity. *Id.* at 2, 5. As noted, the Plaintiff conceded that the Defendants were entitled to qualified immunity on the Plaintiff's religious freedom claims arising from the first and second strip searches. Doc. 93 at 12. That concession was based in part on his acknowledgement that "the first strip search is all a part of following the life in prison [and] [t]he second strip search can be construed as being reasonable under the prison context, but was pushing it."  *Id.* The Plaintiff makes a similar concession with regard to his retaliation claims based on the strip searches. Specifically, the Plaintiff concedes that his retaliation claims are limited to the third and fourth searches. Doc. 94 at 5.

---

[3] The Defendants do not dispute that the Plaintiff has alleged a plausible retaliation claim relating to the confiscation of legal documents, nor do they dispute that they are not entitled to qualified immunity with respect to that claim. *See* Doc. 91 at 3-4.

The Defendants initially contended that because the Plaintiff's allegations of retaliatory conduct were conclusory, he has failed to state a claim. Doc. 64-1 at 11-12. They have now raised a more specific argument—the Plaintiff's "conclusory allegations cannot suffice to establish a causal connection between Plaintiff's alleged objections and his strip searches." Doc. 91 at 4. To state a claim for retaliation, the Plaintiff must show that (1) his speech or act was constitutionally protected; (2) a prison official's retaliatory conduct adversely affected the protected speech; and (3) a causal connection exists between the protected conduct and the adverse effect on the speech. *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (citation omitted). To establish that the Defendants' conduct adversely affected his protected speech, the Plaintiff must show the Defendants' conduct "would likely deter a prisoner of ordinary firmness" from exercising his or her First Amendment rights. *Smith v. Mosley,* 532 F.3d 1270, 1277 (11th Cir. 2008) (alteration omitted) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005)). To establish causation, the Plaintiff must show that the Defendants were "subjectively motivated to discipline" him for exercising his constitutional rights. *Id.* at 1278.

Here, even assuming the Plaintiff engaged in constitutionally protected speech when he objected to strip searching, he has failed to establish the other two elements of a retaliation claim. Doc. 71 at 4-5. First, the Plaintiff alleges no facts to support a conclusion that a "prisoner of ordinary firmness" would be deterred from exercising his First Amendment rights by the alleged strip searches. *Mosley*, 532 F.3d at 1277. On the contrary, the Plaintiff makes it abundantly clear in his third amended complaint, his objection, and his response to the Defendants' objection, that prison strip searches are

routine.  Docs. 71 at 3-5; 93 at 12; 94 at 5.  While he may believe that the third and fourth searches were retaliatory, the question is whether a prisoner of ordinary firmness would be deterred by something that is a routine part of prison life.  Nothing in the complaint explains how such a prisoner of ordinary firmness would be deterred to speak because of the strip searches that were conducted.

Second, the Plaintiff has not plausibly alleged that the Defendants, when they searched him, acted in retaliation for the Plaintiff's exercise of his First Amendment rights.  Rather, he alleges that "[i]n following the policy [of their commanding officers,] [D]efendants Landor, Marshall and Knox, stated 'they didn't care about plaintiff's religious obligations,' that [] a prisoner has no rights and [should] do what he's told, [and said] 'now strip or he'll be stripped forcefully.'"  Doc. 71 at 4-5.  Even construing this liberally, it appears that the Defendants conducted the search because of prison policy, or at least the policy of their commanding officers, and, when the Plaintiff objected on religious grounds, they proceeded with the searches anyway.[4]  While the searches may have been conducted notwithstanding the Plaintiff's religious beliefs, they were not done because of those beliefs or his assertion of his beliefs.  Accordingly, because the Plaintiff cannot support two of the three elements of a retaliation claim with non-conclusory allegations, the Plaintiff's third amended complaint fails to state a plausible retaliation claim regarding the strip searches.[5]  *See Hoever v. Andrews*, 622 F. App'x.

---

[4] Later in his third amended complaint, the Plaintiff alleges his bare conclusion, based "upon reason and belief," that he "was continuously strip search [sic] because he protested the second strip search, by stating his religious obligations . . . ."  Doc. 71 at 5.  This conclusion is not at all plausible given his specific allegations about the *four* strip searches.

[5] Of course, because the Plaintiff has failed to allege a constitutional violation, the Defendants would also be entitled to qualified immunity.  *See Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (noting that once the defendant shows he was acting within his discretionary authority, and if the plaintiff fails to allege facts establishing a constitutional violation, the defendant is entitled to qualified immunity).

888, 889 (11th Cir. 2015) ("Absent non-conclusory allegations supporting two of the three elements of a retaliation claim, the third amended complaint fails to state a claim on which relief may be granted.").

III. **CONCLUSION**

For the foregoing reasons, the July 27 Recommendation (Doc. 89) is **ADOPTED in part and REJECTED in part** and the November 2 Recommendation (Doc. 103) is **ADOPTED**. Accordingly, the Plaintiff's access-to-courts claims are **DISMISSED with prejudice** and his retaliatory strip search claims and equal protection claims relating to strip searches are **DISMISSED without prejudice**.[6] The following claims remain: (1) the Plaintiff may pursue prospective equitable relief for his religious freedom claims but qualified immunity bars his damages claims; (2) the Plaintiff may pursue prospective equitable relief and nominal damages based on retaliatory confiscation of legal documents; and (3) the Plaintiff may pursue his equal protection claim based on confiscation of legal documents.

**SO ORDERED**, this 9th day of February, 2018.

                                                          S/ Marc T. Treadwell
                                                        MARC T. TREADWELL, JUDGE
                                                        UNITED STATES DISTRICT COURT

---

Accordingly, the Court **REJECTS** the Recommendation that the Defendants are not entitled to qualified immunity with regard to the Plaintiff's retaliatory strip search claims. Doc. 89 at 25.

[6] The Court does this even though the Plaintiff is far from an inexperienced litigator. On the contrary, he has proved to be an adept, proficient litigator, so adept that he assists other prisoners with their claims. *See Barfield v. Lewis et al.*, No. 5:17-cv-240, Doc. 26 at 2 (June 26, 2017) ("Being that the Plaintiff in the above-styled action has very well established that the Plaintiff is an illiterate person and is very lacking in education and legal knowledge and was only able to file this civil action with the FULL assistance of a prison jail-house lawyer Mr. Hjalmar Rodriguez. . . .").